[Civil No. 1440.   Filed March 1, 1915.]

[145 Pac. 406.]

W. F. CHENOWETH, T. J. WYLIE and Mrs. CORA R. CLAGGETT, Constituting the Board of Trustees, School District No. 1, Santa Cruz County, Arizona, and A. S. HENDERSON, A. L. PECK and W. C. FORTUNE, Constituting the Board of Supervisors, Santa Cruz County, Arizona, Appellants, v. W. C. BUDGE, Appellee.

1. APPEAL AND ERROR—REVIEW—FUNDAMENTAL ERROR.—Without some attempt by counsel to observe the rules of practice of the supreme court, it is not called upon to consider the record filed on appeal, further than to look for fundamental error appearing upon the face thereof.

2. SCHOOLS AND SCHOOL DISTRICTS — SCHOOL BUILDINGS — ELECTION — STATUTES.—Under Civil Code of 1913, paragraph 2780, providing that high school districts may vote bonds the same as common school districts, paragraph 2736, requiring the board of trustees of any district in their judgment or upon petition of school electors to call an election to determine whether bonds of the district shall be issued for purchasing or leasing school lots, paragraphs 2737, 2738, providing the election procedure and notice, and paragraph 2740, providing for a canvass of the returns and that after a majority vote the supervisors may issue bonds, no election for the purposes of locating a high school prior to issuance and sale of bonds is necessary.

3. EVIDENCE—PRESUMPTION—PERFORMANCE OF OFFICIAL DUTY.—Where the official acts of public officers are not questioned, it will be presumed that they performed their duty.

4. APPEAL AND ERROR—FUNDAMENTAL ERROR—REVERSAL.—Where judgment on a record embodying no cause of action was rendered for plaintiff, there was fundamental error requiring reversal, though no error was assigned.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

The parties to this cause have stipulated that the findings of the court are the facts of this case. The findings are as follows:

"1. That heretofore, to wit, on or about the 11th day of May, 1912, at an election in Nogales school district No. 1, Santa Cruz County, Arizona, regularly called for that purpose, the majority of the qualified school electors voted in favor of establishing a high school in the said district.

"2. That at the call of the county superintendent of schools a mass meeting of the school electors of said district was held within 15 days thereafter, to wit, on the 24th day of May, 1912, which selected the grammar school building as a temporary place in which to carry on the high school.

"3. That neither within 15 days of the election of May 11, 1912, nor at any time prior to the hearing of this action, was there held any election of the school electors of the said district, either at the call of the county superintendent of schools or otherwise, for the purpose of locating the said high school.

"4. That it is admitted by the parties hereto that on the 2d day of May, 1914, a majority of the qualified electors of the said district voted at an election duly and regularly called and conducted in accordance with the provisions of sections 44, 45 and 46, chapter 77, of the acts of the regular session, First Legislature of the State of Arizona (paragraphs 2736, 2737, 2738, and 2780, Revised Statutes of Arizona of 1913), to issue bonds of the said school district to the amount of $60,000, and sell them for the purpose of raising money with which to purchase a high school site or lots, in the town of Nogales, or within the said district, to erect a high school building thereon, supply the same with necessary furniture and apparatus, and improve the grounds thereof; and that all subsequent steps have been duly and regularly taken by the proper authorities of the said district and county to issue and sell the said bonds, and that they are now ready for delivery to the purchasers thereof."

The action was commenced by a resident taxpayer and qualified school district elector against the board of education and the board of supervisors of the county, seeking to have the bonds declared invalid and to restrain the said officers from delivering the said bonds to the purchasers of the bonds, and to restrain the officers from holding an election for the purpose of changing the location of the high school and to relocate the same, because "no election of the qualified school electors of the said district for the purpose of locating the

high school was called by the county superintendent of schools within 15 days after the majority of the qualified school electors of said district voted to establish and maintain a high school in the said district, or at any time prior to the issuance of the said bond issue; . . . that such an election was necessary, and a condition precedent to the lawful issuance of any bonds of the said district. . . . ''

The defendants admit the facts pleaded, but deny the legal effect of the facts admitted. Upon a trial had the court made the foregoing findings of fact, and thereon rendered judgment for plaintiff, declaring the bonds invalid, and entered an order restraining the defendants from proceeding in any manner from completing the sale and delivery of the bonds. From this judgment the defendants have appealed.

Other facts appear in the opinion of the court.

Mr. S. F. Noon, County Attorney of Santa Cruz County, for Appellants.

Mr. E. R. Purdum, for Appellee.

CUNNINGHAM, J.—The parties have stipulated that the record consists of the complaint, answer, judgment, motion for new trial, notice of appeal and the stipulation signed by the attorneys for the respective parties and approved by the trial judge. The stipulation contains this provision:

''It is further stipulated and agreed that the only question or issue submitted for the consideration and decision of the supreme court in this appeal is whether or not the mass meeting held by the electors of Nogales School District No. 1, Santa Cruz County, Arizona, on the 25th day of May, 1912, was or was not a compliance with law; and, if not a compliance with law, did the subsequent acts of the board of trustees of Nogales school district cure such omission or defect, and render the bond issue valid.''

Counsel have filed no briefs in the case, nor formally assigned errors, and the court has received no assistance from that source. The above stipulation seems to have been treated by the parties as embodying the whole question, and as a sufficient assignment of errors. Without some attempt on the part of counsel to observe the rules of practice established in

this court, we are not called upon to consider the record filed on appeal, further than to look into it for fundamental error appearing upon the face of the record presented. For this purpose we will examine the complaint, in order to determine whether a cause of action is stated thereby, and, if so, whether the judgment is responsive to the complaint.

The complaint sets forth as grounds for action that no election of the qualified school electors of the district had been held for the purpose of locating the high school in the district prior to the time when the bonds were ordered issued and sold. The complaint admits that a majority of the qualified school electors of the district had voted to establish and maintain a high school in the district but contends that the election to locate the high school in the district prior to the issuance of the bonds was necessary and a condition precedent to the lawful issuance of any bonds of the district, ''and that on account of the failure to hold the said election for the purpose of locating the high school the said $60,000 bond issue is unauthorized by law, illegal, and void.'' The judgment is that the bonds are unauthorized and void, following a finding ''that an election to select a location for the high school, was necessary, and a condition precedent to the lawful issue of any bonds of said district.''

The statutes in force authorizing the issuance of bonds of a high school district are paragraphs 2780, 2736, 2737 and 2738, Civil Code of 1913. Paragraph 2780 provides that high school districts may vote bonds ''for the same purpose and in the same manner as common school districts.'' Paragraph 2736 provides that:

''The board of trustees of any school district may, whenever in their judgment it is advisable, and must, upon petition of fifteen per cent of the school electors, as shown by the poll list at the last preceding annual school election, residing in the district, call an election for the following purposes: . . . (4) To decide whether the bonds of the district shall be issued and sold for the purpose of raising money for purchasing or leasing school lots, for building schoolhouses, and supplying same with furniture and apparatus, and improving grounds, or for the purpose of liquidating any indebtedness already incurred for such purposes. . . . ''

Paragraph 2737 provides the procedure required to be followed in calling the election by giving notice of the holding of the election and the time notice must be given. Paragraph 2738 prescribes the contents of the notice. Paragraph 2740 provides:

"On the seventh day after said election, at 1:00 o'clock P. M., the returns having been made to the board of trustees, the board must meet and canvass said returns; if it appear that a majority of the votes cast at said election were in favor of issuing such bonds, then the board shall cause an entry of that fact to be made upon its minutes and shall certify to the board of supervisors of the county all the proceedings had in the premises, and thereupon said board of supervisors shall be and they are hereby authorized and directed to issue the bonds of such district, to the number and amount provided in such proceedings, payable out of the building fund of such district, naming the same, and the money shall be raised by taxation upon the taxable property in said district for the redemption of said bonds and the payment of the interest thereon: Provided, that no school district shall issue bonds for the purposes herein specified to an amount in the aggregate, including the existing indebtedness, exceeding six per cent on the value of the taxable property within such school district, to be ascertained by the last assessment of state and county taxes previous to the issuing of such bonds."

We find no provision of the law requiring as a condition precedent to the issuance of the bonds of a school district for the purpose of raising money with which to purchase a high school site or lots and to erect a school building thereon, and supply the same with necessary furniture and apparatus, and improve the grounds, the holding of an election to locate the school building. No such requirement exists. Such election is unnecessary to the authorization of the issue of bonds of the district for the purposes mentioned.

Appellee in his complaint makes no contention of other omission to follow the law, and as the officers are public officers we must presume for the purposes of this case that they performed their duty. They are not required to call or hold an election for the purpose of locating the high school within 15 days after a majority of the qualified school electors of the district voted to establish and maintain a high school, before

bonds of the district could be lawfully issued for the purposes stated above.    If the officers failed to substantially follow the requirements of the statutes, *supra,* such failure is not the subject of plaintiff's complaint.

As the record stands, the judgment of the court is based upon an erroneous proposition of law, embodying no cause of action, and discloses fundamental error.    The judgment is reversed and the cause remanded, with instructions to permit the plaintiff to amend his complaint, if desired, so as to set forth a cause of action  and take such further proceeding as the law requires.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.